UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL S. HUDSON,

                              Appellant,

               v.                                  1:05-CV-472 (lead)
                                                     1:05-CV-560 (member)
                                                           (FJS)

RICHARD T. CORVETTI,

                              Appellee.
_____

**APPEARANCES**                                  **OF COUNSEL**

**EMERY CELLI BRINCKERHOFF**        **JONATHON S. ABADY, ESQ.**
**& ABADY LLP**                           **SARAH NETBURN, ESQ.**
545 Madison Avenue
3rd Floor
New York, New York 10022
Attorneys for Appellant

**DONOHUE, SABO, VARLEY &**         **KENNETH G. VARLEY, ESQ.**
**ARMSTRONG, P.C.**
24 Aviation Road
P.O. Box 15056
Albany, New York 12212-5056
Attorneys for Appellee

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       On March 17, 2005, the Bankruptcy Court, Judge Robert E. Littlefield, Jr. presiding, partially granted Appellee Corvetti's motion for summary judgment. Specifically, Judge Littlefield determined that Appellee Corvetti was entitled to oppose Appellant Hudson's discharge from claims pursuant to 11 U.S.C. § 727. Currently before the Court is Appellant

Hudson's appeal from that decision.

## II. BACKGROUND

Appellant Hudson sought discharge in bankruptcy, and Appellee Corvetti opposed discharge. In 2001, Judge Littlefield denied discharge. Appellant appealed that denial to this Court. However, in September 2001, during the course of that appeal, Appellant and Appellee entered into a Settlement Agreement, the effectiveness of which was conditioned upon court approval.

On December 29, 2001, Judge McAvoy issued an Order for Partial Settlement on Appeal, which settled the claims arising under 11 U.S.C. § 523(a) and allowed the objections to discharge under 11 U.S.C. § 727 to proceed on appeal:

> It is Ordered That
>
> 1. The Bankruptcy Adversary is settled as regards to all objections to discharge which arise under 11 U.S.C. § 523(a) and
>
> 2. The objection to discharge under 727(a) shall proceed on appeal to this court.[1]

---

[1] Although § 523 and § 727 claims can be maintained in the same action, they are essentially separate lawsuits. In a § 523 discharge proceeding, a creditor seeks to collect only its own debt. However, in objecting to discharge under § 727, the creditor assumes a role similar to that of a trustee – "protecting the integrity of the bankruptcy system by denying discharge to debtors who engage in objectionable conduct that is of a magnitude and effect broader and more pervasive than a fraud on, or injury to, a single creditor." *In re Taylor*, 190 B.R. 412, 416 (Bankr. D. Colo. 1995) (citations omitted). "Section 727 is the gatekeeper for allowing only honest debtors the extraordinary relief afforded by the Bankruptcy Code. It is a guardian of the bankruptcy system; it proscribes dishonest, deceptive, and disingenuous debtor conduct that is

(continued...)

*See* Record on Appeal at A-21. Judge McAvoy's Order resulted in a number of motions, including Appellee Corvetti's request for clarification. *See id.* at A-32. The parties were particularly concerned with the effectiveness of a provision in the September 12, 2001 Settlement Agreement stating that "Corvetti shall not oppose Hudson's appeal of the Decision in regards to the denial of discharge pursuant to § 727 . . . ." *See id.* at A-3. Therefore, in a Decision & Order dated April 4, 2002, Judge McAvoy provided clarification:

> Second, Mr. Corvetti objects to the Court's order as being contrary to the stipulated settlement in so far as it affects the 11 U.S.C. § 727 claims. This Court's order did not in any way approve settlement of the 11 U.S.C. § 727 claims. All language in the approved revised settlement should be construed as not approving of any such settlement. Consequently, should Mr. Corvetti wish to oppose Mr. Hudson's appeal on the section 727 claims, he may do so.

*See id.* at A-33.

On November 20, 2002, Judge McAvoy issued a Corrected Order for Partial Settlement on Appeal, which was nearly identical to his December 28, 2001 Order:

> It is Ordered that:
>
> 1. The Bankruptcy Adversary is settled with regards to all objections to discharge which arise under 11 U.S.C. Section 523(a), and
>
> 2. The objection to discharge shall proceed on appeal to this Court . . . .

---

[1](...continued)
part of or related to the bankruptcy system . . . ." *Id.* (citation omitted).

>    3.    The payment of the settlement, the signing of the Settlement Agreement, a copy of [sic] is designated as Attachment "B" in the Motion to Settle Matter Pending on Appeal dated October 15, 2001, and the exchange of releases is approved. . . .

*See id.* at A-40.

On June 13, 2003, Judge McAvoy ruled on Appellant Hudson's motion for reconsideration of his earlier affirmation of the Bankruptcy Court's decision denying discharge. At that time, it appeared likely that Appellant Hudson and the Bankruptcy Trustee would settle related claims. Therefore, Judge McAvoy granted the motion for reconsideration and remanded the case to Judge Littlefield to consider discharge in light of the "new evidence" concerning the potential settlement. *See id.* at A-143 to A-144.

On December 4, 2003, Appellee Corvetti wrote to Judge McAvoy requesting clarification of whether he had the right to oppose Appellant Hudson's discharge from the § 727 claims on appeal. Judge McAvoy summarily denied his request. *See id.* at A-148. However, Appellee Corvetti raised the issue again in a Bankruptcy Court Complaint asserting three causes of action for (1) a declaration that he could oppose Appellant Hudson's discharge notwithstanding the non-opposition provision in the Settlement Agreement; (2) a declaration that the parties' Settlement Agreement was void; and (3) an order enjoining the state court from adjudicating Appellant Hudson's breach-of-contract claim based on Appellee Corvetti's alleged violation of the Settlement Agreement. Based on this Complaint, Appellee Corvetti filed a motion for summary judgment in the Bankruptcy Court.

At oral argument on the summary judgment motion, Judge Littlefield heard the parties'

arguments about whether Judge McAvoy's orders preserved Appellee Corvetti's right to oppose Appellant Hudson's § 727 discharge, notwithstanding the non-opposition provision in the Settlement Agreement.  Concerning Appellee Corvetti's first cause of action, Judge Littlefield stated that,

> here's what I'm going to do on a very narrow ground, I'm going to grant [Appellee Corvetti's] motion for summary judgment.  My reason being that Judge McAvoy had the settlement and proposed order before him.  He then issued a decision in April after having that information.  He specifically held should Mr. Corvetti wish to oppose Mr. Hudson's appeal on the Section 727 claims he may do so.
>
> Subsequent to that he issued the remand.  Subsequent to that he signed another order substantially similar to the first order . . . .
>
> * * *
>
> If Judge McAvoy had intended to reverse that decision, I believe he would have specifically put a finding in that order in November to undue [sic], specifically reverse, reconsider, whatever language that specifically would have dealt with that very crucial position . . . .

*See id.* at A-205 to A-207.  On March 17, 2005, Judge Littlefield issued a written decision to the same effect, which forms the basis of Appellant Hudson's current appeal.[2]

---

[2] In a related matter before the Court, Corvetti appeals from Judge Littlefield's February 15, 2006 Memorandum-Decision and Order granting Hudson's motion for summary judgment and dismissing Corvetti's second cause of action seeking a declaration that the parties' Settlement Agreement is void.  That matter is docketed as *Corvetti v. Hudson*, 1:06-CV-537.

Additionally, concerning Corvetti's third cause of action seeking to enjoin Hudson's state-court breach-of-contract action, Judge Littlefield denied Corvetti's motion for summary

(continued...)

### III. DISCUSSION

**A.    Standard of Review**

A district court reviews a bankruptcy court's factual findings on appeal to determine whether they were clearly erroneous. *See In re BuddyUSA, Inc. & AbovePeer, Inc.*, Nos. 1:03CV1038, 1:03CV1039, 2007 WL 949655, *2 (N.D.N.Y. Mar. 29, 2007) (citing Fed. R. Bankr. P. 8013).  However, a district court reviews conclusions of law *de novo*.  *See id.* (citations omitted).

In this case, the dispute concerns Judge Littlefield's interpretation of Judge McAvoy's orders concerning the proposed settlement and does not involve reviewing findings of fact. Accordingly, the Court reviews the Bankruptcy Court's conclusions of law *de novo*.

**B.    Judge McAvoy's November 20, 2002 Order**

Appellant asserts that Judge McAvoy's November 20, 2002 Order approved the entire Settlement Agreement and did not *sub silentio* strike the provision of the parties' agreement stating that Appellee would not oppose his discharge.

The Court's *de novo* review of the Record on Appeal indicates that Judge McAvoy preliminarily ruled that Appellee Corvetti could oppose discharge, but he never struck the non-

---

[2](...continued)
judgment and clearly stated that he would not grant the requested relief.  *See* Record on Appeal at A-208 to A-210, A-234.  However, it appears that Corvetti did not appeal that decision.

opposition provision in the parties' proposed settlement.  The parties' communications with Judge McAvoy prior to his original order on December 28, 2001, indicate that the Chapter 7 Trustee and United States Trustee opposed settlement of the § 727 claims.  In light of this opposition, Appellant Hudson wrote that "the actual parties to the appeal wish to proceed with the balance of the settlement and . . . are willing to settle excepting out the 727 issue and proceed with that matter on the current appeal with all non 727 issues settled."  *See* Record on Appeal at A-18.  Therefore, on December 28, 2001, Judge McAvoy issued his Order, noted above, settling the adversary proceeding concerning all objections to discharge under § 523 and allowing the objections to discharge under § 727 to proceed on appeal.  Judge McAvoy confirmed this ruling in his April 4, 2002 Order, quoted above, denying the parties' attempt to settle the § 727 claims and stating that Appellee Corvetti could oppose the discharge.  *See id.* at A-33.

However, following these preliminary matters, Judge McAvoy made a final ruling on the proposed settlement in his November 20, 2002 Corrected Order for Partial Settlement.  In this Order, Judge McAvoy did not discuss his previous holding that Appellee could oppose the § 727 discharge, and he approved the signing of the Settlement Agreement – which included the non-opposition provision – as well as the exchange of releases.  Notably, Judge McAvoy did not note any modifications to the terms of the Settlement Agreement.  Accordingly, the Court finds that Judge McAvoy's act of issuing a Corrected Order approving the signing of the Settlement Agreement without alteration indicates that the November 20, 2002 Order superceded the April 4, 2002 Order.[3]  The Court finds that, since the superceding order approved the Settlement

---

[3] In the superceding November 20, 2002 Order, Judge McAvoy stated that the objection to the § 727 discharge would proceed on appeal.  Taken alone, this statement does not support

(continued...)

Agreement without modification, Appellee Corvetti is bound by the non-opposition provision and cannot oppose Appellant Hudson's discharge. As described below, subsequent events also support this conclusion.

### C.   Judge McAvoy's Subsequent Orders

As noted above, on June 13, 2003, Judge McAvoy ruled on Appellant Hudson's motion for reconsideration of his earlier affirmation of the Bankruptcy Court's decision denying him discharge. At that time, Judge McAvoy also considered the parties' cross-motions for sanctions. Judge McAvoy noted that, although Appellee Corvetti had previously settled and had therefore submitted a statement of non-opposition to discharge, he "continued to inundate" the Court with irrelevant papers that he did not serve on his adversary. *See* Record on Appeal at A-145. Consequently, Judge McAvoy imposed sanctions on Appellee Corvetti and mooted Appellant Hudson's cross-motion to clarify whether Appellee Corvetti could oppose discharge.

The Court finds that the combination of Judge McAvoy's mention of Appellee Corvetti's settlement and non-opposition statement, his imposition of sanctions against Appellee Corvetti for "continu[ing] to inundate this Court with papers relating to matters wholly outside this Court's concern" despite the non-opposition statement, and his subsequent mooting of Appellant's Hudson's cross-motion for clarification indicates that Judge McAvoy viewed the Settlement Agreement – and its non-opposition provision – as binding. If Judge McAvoy

---

$^3$(...continued)
Appellee Corvetti's assertion that Judge McAvoy intended to allow him to oppose the § 727 discharge because, at that time, Chapter 7 Trustee Gregory G. Harris was still pursuing his objection to discharge. *See* Record on Appeal at A-353.

believed that Appellee Corvetti had the right to oppose the discharge at that time, he could have easily granted the cross-motion for clarification.

Moreover, a court's task in reviewing a proposed settlement is merely to consider the applicable factors and either accept or reject a settlement agreement as the parties present it. *See In re Trism, Inc.*, 282 B.R. 662, 667, 668 (B.A.P. 8th Cir. 2002). Therefore, if the Court were to determine that Judge McAvoy intended to allow Appellee Corvetti to oppose discharge in contravention of the Settlement Agreement, it would have to find that Judge McAvoy acted in abuse of his discretion by altering the terms of the Settlement Agreement.[4] *See id.* at 667 ("An abuse of discretion occurs when the court does not determine and weigh these factors and either

---

[4] Appellee Corvetti contends that a bankruptcy court has the authority to modify a settlement agreement pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure, which states that

> Rule 41 F. R. Civ. P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, <u>and only on order of the court containing terms and conditions which the court deems proper</u>.

*See* Fed. R. Bankr. P. 7041 (emphasis added). Courts most often invoke this rule to prevent tainted settlements – either by allowing the Chapter 7 trustee to perform an investigation before dismissing the § 727 claim or by allowing other parties an opportunity to pursue the objections prior to dismissal. *See In re Chalasani*, 92 F.3d 1300, 1312-13 (2d Cir. 1996) (citations omitted). In other words, it appears that courts generally use Rule 7041 to impose additional conditions prior to approving a settlement agreement rather than subtracting substantive terms from a settlement agreement. Moreover, in his November 20, 2002 Corrected Order for Partial Settlement on Appeal, Judge McAvoy did not invoke Rule 7041, mention that he was striking a term from the parties' Settlement Agreement, or cite his interest in preventing a tainted settlement.

approve or reject the proposed settlement."). The Court is hesitant to reach such a conclusion.[5]

## IV. CONCLUSION

Accordingly, having reviewed the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the Bankruptcy Court's Order, dated March 17, 2005, is **REVERSED** insofar as it held that Appellee Corvetti was entitled to oppose Appellant Hudson's discharge from the 11 U.S.C. § 727 claims; and the Court further

**DECLARES** that Appellee Corvetti cannot oppose Appellant Hudson's discharge pursuant to the Settlement Agreement, which Judge McAvoy approved in its entirety on November 20, 2003; and the Court further

**ORDERS** that the Clerk of the Court enter judgment and close this case.

**IT IS SO ORDERED.**

---

[5] The remaining question is why Judge McAvoy originally held that Appellee Corvetti could oppose discharge. Appellant Hudson offers the explanation that Judge McAvoy might not have had all the relevant documents before him at the time of his April 4, 2002 decision due to discrepancies in the dates of the documents, their received stamps, and their docketing dates. According to Appellant, some of these documents were not docketed until after Judge McAvoy's decision. Entries on the docket sheet support Appellant Hudson's contention that Appellee Corvetti sent documents concerning his non-opposition to discharge in mid-March and early-April that were not docketed until after Judge McAvoy's April 4, 2002 Order. *See Hudson v. Corvetti*, No. 3:01-CV-1474, at Dkt. Nos. 42, 46. However, Judge Littlefield did not rely on these documents and struck them from the Record on Appeal. Accordingly, the Court merely notes the plausibility of Appellant Hudson's explanation but does not rely on this explanation in reaching its decision.

Dated: July 9, 2007
      Syracuse, New York

                                                  Frederick J. Scullin, Jr.
                                                  Senior United States District Court Judge